UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TONY GONZALEZ,
    Plaintiff,

v.

PATRICIA A. COYNE-FAGUE,
    Defendant.

C.A. No. 22-174-JJM-PAS

### ORDER

Tony Gonzalez filed an Amended Complaint for habeas corpus, pursuant to 28 U.S.C. § 2254. ECF No. 22. Mr. Gonzalez asks to vacate his 2018 convictions for first-degree murder, assault with intent to commit a felony (murder), and firearms charges. He also seeks habeas relief based on the racial composition of the jury venire at his second trial, the State's alleged violation of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and the trial court's denial of his two motions for a mistrial.[1] The State moves to dismiss Mr. Gonzalez's entire petition. ECF No. 25.

### I.   BACKGROUND

A Kent County grand jury indicted Mr. Gonzalez in 2012 for first degree murder, assault with intent to commit murder, and two firearms charges. The next year, a jury convicted Mr. Gonzalez on all counts. In 2016, however, the Rhode Island Supreme Court vacated these convictions, citing the trial court's error in admitting

---

[1] Mr. Gonzalez's Amended Complaint initially identified a fourth ground for habeas relief related to a motion to suppress evidence, but he has withdrawn this claim for procedural reasons, ECF No. 30 at 3, so the Court will not discuss it.

evidence that was seized as part of an illegal warrantless arrest. *State v. Gonzalez*, 136 A. 3d 1131 (R.I. 2016) ("*Gonzalez I*"). A second trial followed in 2017, and the jury convicted Mr. Gonzalez on all charges. The Rhode Island Supreme Court affirmed Mr. Gonzalez's convictions in July 2021. *State v. Gonzalez*, 254 A.3d 813 (R.I. 2021) *cert. denied*, 142 S. Ct. 1388 (2022) ("*Gonzalez II*").

Mr. Gonzalez filed this 28 U.S.C. § 2254 petition for habeas review. ECF No. 1. The State moved to dismiss the petition on all grounds, ECF No. 12, and the Court granted it. ECF No. 19.[2] Mr. Gonzalez moved to amend his petition, which the Court granted. ECF No. 21. It is this Amended Complaint, ECF No. 22, that the State again moves to dismiss. ECF No. 25.

## II.   STANDARD OF REVIEW

Federal habeas review of state court convictions and sentences is available only in a narrow set of circumstances. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), requires that petitioners exhaust all available legal remedies at the state level, including by fairly presenting all claims for relief to state courts, before they file for federal judicial review on habeas grounds. Only when these conditions are met do federal courts reach the merits of habeas review.

---

[2] Mr. Gonzalez's Amended Petition is substantially similar, if not identical, to his previous petition. The Court's analysis here is therefore substantially similar to its analysis in its previous Order granting the State's Motion to Dismiss. ECF No. 19.

When the Court does consider a case on the merits, its review is according to one of two standards depending on whether the state court reached a decision on the merits. If the state court ruled on the merits, then this Court may grant habeas relief only where the state court's decision was "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *McCambridge v. Hall*, 303 F.3d 24, 34 (1st Cir. 2002) (citing 28 U.S.C. § 2254(b)(1)(A)).

A state court's decision is "contrary to" clearly established federal law if it applies a different test or rule of law than existing Supreme Court precedent or reaches a different conclusion based on materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). An "unreasonable application" of federal law occurs when a state court identifies the correct legal principle from existing Supreme Court precedent but applies it in an unreasonable manner to the facts of the case. *Id.* This standard is highly deferential to the state courts and does not permit the federal court to substitute its judgment for that of the state court. Even an incorrect application of existing federal law is not necessarily an unreasonable one. *Hensley v. Roden*, 755 F.3d 724, 731 (1st Cir. 2014). In order to constitute an unreasonable application of federal law, the state court's application must have been so patently mistaken as to go "beyond any possibility for fairminded disagreement." *Woods v. Donald*, 575 U.S. 312, 316 (2015).

3

If the state court did not reach the merits, by contrast, then this Court reviews the case de novo. *Norton v. Spencer*, 351 F.3d 1, 5 (1st Cir. 2003). Where there are any factual claims at issue, this Court defers to the state court as a general matter. To establish that the state court was in error, the petitioner bears the burden of "rebutting the presumption of [the state court's] correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III. DISCUSSION

The Court now turns to the State's arguments in favor of dismissal on each of the three grounds Mr. Gonzales raises in his Amended Petition.

### A. Jury Venire

Mr. Gonzalez alleges that the racial composition of the jury venire assembled for his trial violated his right to an impartial jury of his peers drawn from a fair cross-section of the community and, therefore, that the Rhode Island Supreme Court's decision upholding his conviction was an unreasonable application of federal law.

Upon its review of Mr. Gonzalez's allegations, the Court concludes that he fails to meet his burden to show that the state court's decision was "contrary to" clearly established federal law or constituted an "unreasonable application" of that law. In this case, the Rhode Island Supreme Court correctly identified the governing legal principle from current United States Supreme Court precedent and reasonably applied this precedent to the facts at issue. The Rhode Island Supreme Court noted that the United States Supreme Court required the defendant to first establish a prima facie case that their right to a jury venire drawn from a fair cross-section of the

4

community was violated. *Gonzalez II*, 254 A.3d 813, 819 (R.I. 2021) (citing *Duren v. Missouri*, 439 U.S. 357, 364 (1979)). Mr. Gonzalez argues that the state court's interpretation of *Duren* was unreasonable because it "requires a prohibitively burdensome effort by defense counsel in any criminal case to address a potential issue which may or may not arise[.]" ECF No. 30 at 3. However, if Mr. Gonzalez believed the composition of his jury venire violated his rights, he should have raised it at the time of jury selection. As noted above, the AEDPA requires that petitioners exhaust all available legal remedies and raise all arguments for relief at the state level before they seek habeas review from federal courts. Since Mr. Gonzalez did not seek a continuance to build a factual record for a *Duren* challenge or argue in state court that this alleged violation entitled him to relief, this Court DENIES habeas review on this basis.

### B. *Brady* Violation

Next, Mr. Gonzalez alleges that the prosecutor improperly failed to provide him with a copy of the recording of a call from his brother that the prosecution used as evidence, thereby violating his rights under *Brady v. Maryland*. ECF No. 22 at 13-17. In response, the State argues that Mr. Gonzalez did not raise this issue during his state proceedings, and that under Rhode Island's "well-settled raise-or-waive" rule, he waived any grounds of relief that he failed to introduce during his trial. The State also moves to dismiss because the waiver due to his failure to raise falls under the independent and adequate state law or procedural default doctrine, which bars

5

this court from reviewing the Rhode Island Supreme Court's decision. ECF No. 25 at 16-20.

An independent and adequate state law or procedural default "bar[s] federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Lynch v. Ficco*, 438 F.3d 35, 45 (1st Cir. 2006) (internal citation omitted). The only instances in which federal habeas review is not barred are when the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.*

In his response to the State's motion to dismiss, Mr. Gonzalez claims that the state court acted contrary to clearly established federal law by failing to consider "any recognized exception to the 'raise-or-waive' rule, e.g. cause and prejudice or miscarriage of justice." ECF No. 30 at 4. However, Mr. Gonzlez did not raise and litigate the argument that he qualified for an exception to the raise-or-waive rule in his state court proceeding. As such, he did not exhaust his state remedies on this possible ground for relief. Federal habeas review of the claim is therefore barred. As this Court previously ruled on the identical issue in Mr. Gonzalez's first petition because he failed to raise this issue with the state court, he cannot raise it before this Court for consideration in his habeas case. *See* ECF No. 19 at 8.

6

### C. Mistrial Motions

During Mr. Gonzalez's second trial, a witness twice referred to his first trial. Mr. Gonzalez moved on each occasion for a mistrial. The trial court denied these motions but issued curative instructions to the jury to disregard the witness's remarks. Mr. Gonzalez claims that the cumulative effect of the witness's comments, and the trial court's erroneous denials of two motions for mistrial, prejudiced the outcome of the trial. ECF No. 22 at 17-20. Mr. Gonzalez seeks habeas relief, alleging that the Rhode Island Supreme Court misapplied federal law by failing to consider the cumulative impact of the two statements taken together, as well as the circumstances surrounding them that exacerbated their prejudicial impact. Mr. Gonzalez argues that the Rhode Island Supreme Court's decision to uphold the convictions in spite of these errors constituted an unreasonable application of federal law and United States Supreme Court precedents. *Id.*

In order to constitute a basis for a mistrial, an error must have resulted in actual prejudice to the defendant's case. *United States v. Joyner*, 191 F.3d 47, 53 (1st Cir. 1999). A series of errors, no single one of which would have resulted in actual prejudice on its own, may constitute a basis for a mistrial if their cumulative effects result in prejudice. *United States v. Soto-Beniquez*, 356 F.3d 1, 43 (1st Cir. 2003). On the other hand, curative instructions given in a timely manner may be sufficient to remove the prejudicial effect of an error. *United States v. Padilla-Galarza*, 990 F.3d 60, 81–82 (1st Cir. 2021) (a timely curative instruction can "sap[] the force of anything that was said" even if the statement may have "placed [defendant] in an

7

unflattering light"). Thus, absent evidence to the contrary, when a trial court issues a timely curative instruction, this Court presumes "that the jurors heeded it." *Id.*

Upon its review, the Court finds that the Rhode Island Supreme Court reasonably applied federal law in concluding that the trial court did not abuse its discretion in denying the motions for a mistrial grounded in the witness's reference to Mr. Gonzales' first trial. As the Rhode Island Supreme Court explained in its decision in *Gonzalez II*, the trial justice "was sensitive to any effect that Mr. Chivers's references [to the defendant's previous trial] may have had on the jury" and took steps to mitigate any potentially prejudicial impact of these remarks, including by issuing timely curative instructions, which were crafted to avoid drawing further attention to the defendant's first trial, and engaging in lengthy discussions with counsel prior to ruling on the motions. *Gonzalez II*, 254 A.3d at 820-21. There is nothing in the record to support a conclusion that the jury failed to heed the trial justice's timely curative instructions, so the Court finds that the Rhode Island Supreme Court reasonably concluded that the trial court's denial of the mistrial motions was not an abuse of discretion.

## IV. CONCLUSION

Mr. Gonzalez's state court conviction was neither "contrary to" clearly established federal law, nor an "unreasonable application" of clearly established federal law on the facts of his case. The Court GRANTS the State's Motion to Dismiss, and dismisses Mr. Gonzalez's Petition for Habeas Relief. ECF No. 25.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
Chief Judge
United States District Court

July 11, 2023